UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL A. JACKSON,<br>　Plaintiff, | )<br>)<br>) No. 3:04-0916 |
| v. | ) Judge Nixon<br>) Magistrate Judge Brown |
| ELECTROLUX PRODUCTS, INC.,<br>　Defendant. | )<br>) |

## MEMORANDUM ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation ("R & R") (Doc. No. 29) concerning the Defendant's motion to dismiss the above-styled action (Doc. No. 8). Plaintiff has filed timely objections (Doc. No. 33), and Defendant has filed a response (Doc. No. 34). Upon review of the Plaintiff's objections, for the reasons stated below, the Court ADOPTS the R & R in part.

**Background**

Plaintiff Michael Jackson, proceeding pro se, is a resident of Clarksville, Tennessee. Plaintiff is an African-American male and has been employed by Defendant Electrolux Home Products, Inc., for more than four years at a production facility in Springfield, Tennessee. Plaintiff brings this action pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1985, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Tennessee Human Rights Act, T.C.A., § 4-21-101, et seq. Plaintiff alleges that Defendant discriminated against him by refusing to hire him for certain management positions and for retaliation after Plaintiff objected to Defendant's

-1-

alleged discriminatory employment practices.

Defendant seeks dismissal of only those claims (1) brought pursuant to 42 §§ U.S.C. 1981 and 1985; (2) brought pursuant to Title VII and arising more than three hundred days prior to the filing of Plaintiff's EEOC charge; and (3) alleging Defendant has engaged in a pattern and practice of racial discrimination. The Magistrate Judge recommended granting Defendant's motion to dismiss in its entirety. Plaintiff raises several objections to the R & R, which the Court will address in turn.

## Section 1981 Claims

The Magistrate Judge recommends dismissal of any claim brought pursuant to Section 1981 because it only prohibits intentional discrimination, see Gen. Bldg. Contractors Ass'n v. Pennyslvania, 458 U.S. 375, 382-83 (1982), and the Magistrate Judge found that Plaintiff's complaint sets forth allegations of racial discrimination under a disparate impact theory, rather than a theory of intentional discrimination (Doc. No. 29 at 3) (stating "the plaintiff has offered no factual allegations that would suggest intentional discrimination by the defendant during the hiring or promotion of employees."). Plaintiff objects to the recommendation to dismiss his Section 1981 claims, arguing that his complaint "clearly implies that the retaliation and racial discrimination committed at the same time by the Defendant was a deliberate and intentional act."

In reviewing a dismissal on the pleadings, all allegations in the complaint are taken as true and the complaint is construed liberally in favor of the party opposing the motion to dismiss. See Leatherman v. Tarrant County Narcotics Int. & Coor. Unit, 507 U.S 163, 165 (1993); see

Case 3:04-cv-00916    Document 38    Filed 06/28/05    Page 2 of 6 PageID #: 6

also Davis H. Elliot Co. v. Caribbean Utilities Co., Ltd., 513 F.2d 1176, 1182 (6th Cir. 1975). Dismissals of complaints under the civil rights statutes are scrutinized with special care. Westlake v. Lukas, 537 F.2d 857, 859 (6th Cir. 1976). This Court finds that Plaintiff has properly set forth claims of intentional discrimination. The complaint clearly references Defendant's alleged instances of intentional discrimination. Count I of the complaint sets forth Plaintiff's claims under Section 1981 (in addition to Title VII, Section 1985, and the THRA) for Defendant's actions "to <u>intentionally</u> injure Jackson, and they acted with malice and reckless indifference to Jackson's Constitutional rights and civil rights" (emphasis added). Paragraph 28 of the complaint states Defendant is "liable for damages caused to Jackson by its agents <u>intentional</u>, malicious, and shameful acts of racial discrimination in promotion or hiring" (emphasis added). Furthermore, Defendant's complaint sets forth facts that are critical to making out a prima facie case of intentional discrimination, such as the hiring of a person outside the protected class to the position Plaintiff applied for.

This Court agrees that the complaint alleges discrimination under a disparate impact theory. Because Section 1981 only prohibits intentional discrimination, Plaintiff's Section 1981 claim for discrimination under a disparate impact theory is accordingly DISMISSED. However, this Court also finds that a claim for intentional discrimination under Section1981 is properly before the Court.

**Section 1985 Claims**

The Magistrate Judge also recommends dismissing Plaintiff's claims pursuant to Section 1985, finding that Plaintiff has failed to state a colorable claim. The Magistrate Judge construes

Plaintiff's claim as falling under Section 1985(3), with which the Court agrees. To establish a claim under 42 U.S.C. §§ 1985(3), a plaintiff must prove: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. Johnson v. Hills & Dales General Hosp. 40 F.3d 837, 839 (6th Cir. 1994). Plaintiff must also establish that the conspiracy was motivated by a class-based animus. Id.

The Magistrate Judge reasoned that because there is only one defendant in this action, and as a corporation cannot conspire with its own agents or employees, see Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ., 926 F.2d 505, 510 (6th Cir. 1991), Plaintiff's Section 1985 claims must be dismissed. Plaintiff objects on the grounds that he named three individuals in the complaint who acted in a conspiracy: Mike Norton, Human Resources Manager; John French, Plant Manager, and; John Terzo, former Plant Manager and current Vice President of Operations. Plaintiff alleges that these individuals were acting out of the scope of their employment and with personal bias.

In the Sixth Circuit, "when employees act outside the scope of their employment, they and corporation may form a conspiracy under 42 U.S.C. § 1985(3)." Johnson v. Hills & Dales Gen. Hosp., 40 F.3d 837, 839 (6th Cir. 1994). This "'scope of employment' exception recognizes a distinction between collaborative acts done in pursuit of an employer's business and private acts done by persons who happen to work at the same place." Id. This is a very limited exception in which "internal corporate decisions . . . would almost always be within the scope of employment."

-4-

The Court finds that the Plaintiff has not set forth any facts to support the inference that the named employees of Defendant were acting out of the scope of their employment when they denied Plaintiff employment positions and retaliated against him. Therefore, the Court ADOPTS the Magistrate's recommendation to dismiss Plaintiff's claims pursuant to Section 1985.

**Time-Barred Title VII Claims**

The Magistrate Judge recommends the dismissal of any claim arising under Title VII that arose prior to June 23, 2003, or 300 days after the plaintiff filed his EEOC charge. Plaintiff has not filed an objection to this recommendation. The Court hereby ADOPTS the Magistrate Judge's recommendation to dismiss claims that are time-barred, arising before June 23, 2003.

**Pattern and Practice Claims**

The Magistrate Judge recommends the dismissal of Plaintiff's pattern-or-practice claims, as the Sixth Circuit has held that pattern-or-practice theories are inappropriate vehicles for proving discrimination in an individual case. Bacon v. Honda of America Mfg., Inc., 370 F.3d 565, 575 (6th Cir. 2004). The Plaintiff objects, pointing to Int'l Brotherhood of Teamsters v. United States, 431 U.S. 324, 362 (1977), where the Court held that "proof of pattern or practice supports an inference that any particular employment decision, during the period in which the discriminatory policy was in force, was made pursuant to that policy."

The Court finds that Teamsters does not support the contention that pattern-or-practice claims can be brought by individuals in the Sixth Circuit. Indeed Plaintiff seems to acknowledge this as he argues that "notwithstanding the unavailability of a 'pattern and practice' theory,

plaintiffs may still use evidence of systemic or general discrimination in establishing their individual cases." Plaintiff is correct that pattern-or-practice evidence may be useful in an individual claim. The Sixth Circuit has explicitly held that "pattern-or-practice evidence may be relevant to proving an otherwise-viable individual claim for disparate treatment under the McDonnell Douglas framework." Bacon, 370 F.3d at 575 (6th Cir. 2004).

Accordingly, the Court ADOPTS the Magistrate Judge's ruling that any cause of action arising under a pattern-or-practice theory must be dismissed pursuant to Bacon. However, the dismissal of Plaintiff's pattern-or-practice claim should not be construed as either prohibiting the use of pattern-or-practice evidence to support any viable individual claims for disparate treatment or dismissing any claims that could be characterized as properly arising under a disparate impact theory under Title VII.

## Conclusion

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's recommendation in part. Plaintiff's claims arising under Section 1985, arising under Section 1981 pursuant to a disparate impact theory, brought as a pattern-or-practice claim, and that arose before June 23, 2003 are DISMISSED.

It is so ORDERED.

Entered this the _28__ day of June, 2005.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT